# EXHIBIT A

```
KEITH M. KNOWLTON, L.L.C.
1630 South Stapley, Suite 231
Mesa, Arizona 85282-7072
(480) 755-1777
FAX (480) 755-8286
Attorney for Plaintiff
Keith M. Knowlton - SBN 011565
```

COPY

OCT - 2 2006

MICHAEL K. JEANES, CLERK
J. FOLTS
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ETHEL BOWMAN, individually and as mother for deceased Tom Bowman, Patricia Bowman, Sherlean Tindal, James Bowman, William Bowman, Jr., Nathaniel Sanders, Laureatha George as mother of James and Carala Bowman, minors and Sabrina Mitchell as mother of Demari Bowman, minor, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF PHOENIX, a municipality in the state of Arizona, OFFICER FULTON and SPOUSE FULTON, husband and wife, OFFICER BLAIR and SPOUSE BLAIR, husband and wife, OFFICER WICEVICH and SPOUSE WICEVICH, husband and wife, OFFICER WARREN and SPOUSE WARREN, husband and wife, and JANE DOES 1-10 and JOHN DOES 1-10, <br><br> Defendants. | Case No. CV2006-091308 <br><br> SECOND AMENDED COMPLAINT <br><br> (Negligence, 42 U.S.C § 1983, violation of Civil rights) |

Plaintiff, Ethel Bowman, individually and as the mother for deceased Tom Bowman, Patricia Bowman, Sherlean Tindal, James Bowman, William Bowman, Jr., Nathaniel Sanders, Laureatha George as mother of James and Carala Bowman, minors

1

and Sabrina Mitchell as mother of Demari Bowman, minor, as and for their complaint against Defendants alleges as follows:

1. All of the acts, occurrences and events which comprise the subject matter of Plaintiffs' Complaint took place in Maricopa County, Arizona.

2. Plaintiff Ethel Bowman filed with Complaint individually and as the mother for Deceased Tom Bowman, who was at all times mentioned herein a resident of Maricopa County, Arizona. Plaintiffs Patricia Bowman and Sherlean Tindal are sisters to deceased Tom Bowman. Plaintiffs James Bowman, William Bowman, Jr. and Nathaniel Sanders are brothers of deceased Tom Bowman. Plaintiffs , Laureatha George is the mother of James and Carala Bowman, minors and children of Deceased Tom Bowman. Plaintiff Sabrina Mitchell as the mother of Demari Bowman, child of Deceased Tom Bowman.

3. Defendant CITY OF PHOENIX is a municipality in the state of Arizona. Defendants OFFICER FULTON, OFFICER BLAIR, OFFICER WICEVICH and OFFICER WARREN are or were police officers of the City of Phoenix and caused events to occur in the State of Arizona out of which this Complaint arose.

4. Defendants SPOUSE are spouses of Defendant Police Officers whose names are unknown and upon information and belief Defendant Police Officers acted to benefit the marital community. Defendant **JANE DOE AND JOHN DOE** are

unknown residence of Maricopa County and caused events to occur that caused or contributed to the death of Plaintiff.

5. Defendant City of Phoenix is Respondeat Superior liable for the acts of Defendant Officers which took place within the course and scope of employment.

6. Plaintiff requests a jury trial.

7. On July 29, 2005, Officer Fulton received a call from an apartment complex that Tom Bowman had been in the office and was acting "crazy." The officer then received a call to "check welfare" regarding a man running in and out of traffic around 2800 East Thomas to 3000 East Thomas in Phoenix that he realized was Tom Bowman. While investigating the matter he interviewed the apartment complex staff and went into Tom Bowman's home. He also learned that Tom Bowman had a misdemeanor warrant out of Glendale, Arizona. Officer Fulton knew before finding Tom Bowman that he was acting strange and irrationally.

8. Fulton was able to locate Tom. Tom followed instructions and went to his knees. Fulton was able to cuff his hands behind his back.

9. Fulton alleges that Tom attempted to bite him in this situation (if true the officer was negligent in placing himself in a position where a person obviously on drugs could attempt to bite him). Officer Fulton admits that he pushed Tom "face down to the ground" and put his knee on his back.

3

10. This force was excessive. A man on his knees with his hands cuffed behind his back has no protection from the force generated by being forced face down into the ground and there was nothing to stop the pendulum effect of being sent head first toward the ground. This force was not reasonable in light of the fact that Tom was obviously under the influence of drugs and not rational.

11. Fulton states an undercover officer then arrived and helped Fulton put Tom in the patrol car. Fulton states that Tom was stating he did not want to be shot and started kicking at the door of the patrol car.

12. At this time officers Blair and Wicevich pulled up and assisted Fulton. The decision was made to use leg restraints on Tom. They got him out of the back seat. Pursuant to Fulton, Tom was out of the car "hopping up and down" saying "don't shoot me." The officers put on leg restraints and set him back in the car.

13. Rather than get medical care and treatment for a man who was obviously under the influence of drugs (as admitted by Officer Wicevich in his interview) and was irrational and scared, he was restrained, placed in a patrol car to be taken to 43rd Avenue and Glendale.

14. At about 7th Avenue and Camelback, Fulton noticed Tom "moaning" and that he was face down in the back seat. Office Fulton pulled over and was assisted by Officer Warren in sitting him up so he would not slide in the seat. At this time the

officers could not tell if Tom was "conscious." He was breathing heavily with a lot of saliva in his mouth. Rather than get medical care, the officers restrained Tom so that he would not slide off the seat. Fulton then headed to Glendale.

15. As Fulton drove to Glendale, he heard a thump in the back seat and noted that Bowman had "slumped backwards" and was "moaning." Officer Fulton did not stop until he got to 43rd Avenue and Glendale. At this point, the Glendale Officers were there and as they opened the door to the car, Tom was still breathing but not responsive. It was only at this point that medical attention was sought for Tom.

16. Pursuant to the Autopsy Report of the Maricopa County Office of the Medical Examiner, Tom died of cocaine exposure termed "excited delirium." Part of the cause of death is increased cardiac demand for blood due to "intense activity and agitation." Further, the autopsy found blunt force trauma injuries to the head, torso and extremities, caused during the arrest and transport.

17. The police officers failed to protect Tom by seeking medical care and treatment for him immediately upon obtaining custody of Tom. That he was under the influence of drugs, irrational and scared was obvious. Further the calls to the officers were calls of concern for his wellbeing. The officers should have obtained medical care and treatment for Tom before attempting to transport him to Glendale. The officers showed callous indifference to his need for emergency medical care and

5

treatment. Upon information and belief, this violated City of Phoenix policy for a person who is irrational and obviously under the influence of drugs not to receive emergency medical treatment at a minimum from EMS.

18. Further, slamming Plaintiff to the ground, pulling him in and out of the cars and shackling him was unnecessary and excessive force causing Tom Bowman physical injuries. Tom needed immediate and emergency medical care and treatment to treat the deadly amount of cocaine in his system, not his face being slammed to the ground, handcuffed, taken in and out of cars, being shackled and in fear of his life while he was in an obvious agitated and irrational state.

19. Defendants had a duty to provide Tom Bowman with medical care and treatment and were deliberately indifferent to that duty and Tom Bowman's medical condition.

20. Plaintiffs has been denied the companionship and love of her son, their brother, significant other and father.

21. In committing the above referenced actions and/or omissions, Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States of America, including but not

limited to his right to adequate medical treatment and adequate conditions of confinement, thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

22. The actions of Defendants show a deliberate indifference to the severe medical condition of Tom Bowman.

23. Upon information and belief, it is alleged that Defendants maintain a policy or practice of deliberate indifference to medical care and treatment of inmates and that such a policy or practice was the proximate cause of a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right not to be deprived of, or singled out for disparate treatment regarding adequate medical treatment and adequate conditions of confinement.

24. As a result of the Defendant' actions alleged above, and in violation of Plaintiff's rights under Federal and State law, Plaintiff suffered damages, endured pain and suffering, mental and emotional distress, and was caused to incur medical expenses, all in an amount to be determined at trial.

25. Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

26. Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, based on the above, Plaintiff prays that judgment be entered in his favor and against Defendants and each of them as follows:

1. For compensatory and consequential damages, including loss of vision, future medical expenses, pain and suffering, emotional distress, future lost wages and such other damages as may be proven at trial;

2. For attorneys fees incurred in this matter;

3. Interest from the date the damages became or become liquidated to the date of judgment, all with interest thereon until paid, plus accrued and accruing costs; and

4. To grant such other and further relief as the Court feels is just under the circumstances.

DATED this 2nd day of October 2006.

KEITH M. KNOWLTON, L.L.C.

By: _____
Keith M. Knowlton
Attorney for Plaintiff
1630 South Stapley, Suite 231
Mesa, Arizona 85204