1  Kathleen L. Wieneke, Bar #011139
   Jennifer L. Holsman, Bar #022787
2  JONES, SKELTON & HOCHULI, P.L.C.
   2901 North Central Avenue, Suite 800
3  Phoenix, Arizona  85012
   Telephone:  (602) 263-1771
4  Fax:  (602) 200-7858
   kwieneke@jshfirm.com
5  jholsman@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendants City of Phoenix,
7  Fulton, Blair, Wicevich and Warren

8                  **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF ARIZONA**

10  ETHEL BOWMAN, individually and as        NO.
    mother for deceased Tom Bowman, Patricia
11  Bowman, Sherlean Tindal, James Bowman,   **DEFENDANTS' ANSWER TO**
    William Bowman, Jr., Nathaniel Sanders,  **PLAINTIFFS' SECOND**
12  Laureatha George as mother of James and  **AMENDED COMPLAINT**
    Carala Bowman, minors and Sabrina Mitchell
13  as mother of Demari Bowman, minor,

14                              Plaintiffs,

15          v.

16  CITY OF PHOENIX, a municipality in the
    state of Arizona, OFFICER FULTON and
17  SPOUSE FULTON, husband and wife,
    OFFICER BLAIR and SPOUSE BLAIR,
18  husband and wife, OFFICER WICEVICH and
    SPOUSE WICEVICH, husband and wife,
19  OFFICER WARREN and SPOUSE
    WARREN, husband and wife, and JANE
20  DOES 1-10 and JOHN DOES 1-10,

21                              Defendants.

22

23          Defendants City of Phoenix, Fulton, Blair, Wicevich and Warren, by and

24  through counsel undersigned, and for their Answer to Plaintiffs' Second Amended

25  Complaint admit, deny and allege as follows:

26

1704024.1

1.      Defendants deny each and every, all and singular, of the allegations of Plaintiffs' Second Amended Complaint which are not hereinafter plead to.

2.      Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint.

3.      In answering Paragraph 2 of Plaintiffs' Second Amended Complaint, Defendants allege that Plaintiffs Patricia Bowman, Sherlean Tindal, James Bowman, William Bowman, Jr., and Nathaniel Sanders, sisters and brothers of the deceased, Tom Bowman, are improper parties pursuant to A.R.S. § 12-611, *et seq.* and under 42 U.S.C. § 1983.  Further, Defendants allege that pursuant to A.R.S. § 12-612, there can be only one party plaintiff to a wrongful death claim, the others being statutory beneficiaries and thus, Plaintiffs Laureatha George, on behalf of James and Carala Bowman, and Sabrina Mitchell, on behalf of Demari Bowman, are improper parties as well.

4.      In answering Paragraph 3 of Plaintiffs' Second Amended Complaint, Defendant City of Phoenix admits it is a municipality in the State of Arizona and, as such, is entitled to all of the privileges and immunities guaranteed under state and federal law. Defendants further admit that Officers Fulton, Blair, Wicevich and Warren were police officers employed by the City of Phoenix and were acting in the course and scope of their employment during the time period in which Plaintiffs' Complaint arose.

5.      Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint insofar as Jane Doe Defendants were never served, nor are Jane Doe Defendants permitted under federal law.

6.      In answering Paragraph 5 of Plaintiffs' Second Amended Complaint, Defendants deny the City of Phoenix is liable vicariously under 42 U.S.C. § 1983.

7.      In answering Paragraph 6 of Plaintiffs' Second Amended Complaint, this paragraph requires no answer, other than to point out that a proper request for jury trial may not be made in a complaint and must be set forth in a separate pleading.

8.      In answering Paragraph 7 of Plaintiffs' Second Amended Complaint, Defendants acknowledge that on July 29, 2005, City of Phoenix Police Department received a "check welfare" 911 call relating to an unknown male in the vicinity of East Thomas Road in Phoenix, Arizona.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7, and therefore deny same.

9.      In answering Paragraph 8 of Plaintiffs' Second Amended Complaint, Defendants admit that Phoenix police officers eventually located a subject running on East Thomas Road.  Defendants deny the remaining allegations contained in Paragraph 8.

10.     Defendants deny the allegations contained in Paragraphs 9 and 10 of Plaintiffs' Second Amended Complaint as alleged.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 11 and 12 of Plaintiffs' Second Amended Complaint and therefore deny same.

12.     Defendants deny the allegations contained in Paragraphs 13, 14 and 15 of Plaintiffs' Second Amended Complaint.

13.     In answering Paragraph 16 of Plaintiffs' Second Amended Complaint, Defendants acknowledge that the medical examiner's office determined the cause of death of Thomas Bowman was complications of "excited delirium."  Defendants deny the remaining allegations contained in Paragraph 16.

14.     Defendants deny the allegations contained in Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26 of Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

15.     Defendants allege Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted against these Answering Defendants.

16.     As a further affirmative defense, Defendants allege that Plaintiffs' Second Amended Complaint as against these Defendants may be barred pursuant to A.R.S. § 12-711.

17.     As a further affirmative defense, Defendants allege Plaintiffs' damages were solely the result of the conduct of the decedent, Thomas Bowman.

18.     As a further affirmative defense, Defendants allege Plaintiffs are improper parties.

19.     As a further affirmative defense, Defendants allege Plaintiffs' claims are barred by the applicable statute of limitations contained in A.R.S. § 12-821.

20.     As a further affirmative defense, Defendants allege Plaintiffs failed to fully comply with A.R.S. § 12-821.01, the notice of claim statute.

21.     As a further affirmative defense, Defendants allege the individual police officers are entitled to qualified immunity.

22.     As a further affirmative defense, Defendants allege that Plaintiffs' Complaint fails to state a claim against the City of Phoenix pursuant to U.S.C. § 1983.

23.     As a further affirmative defense, Defendants allege qualified and absolute privileges pursuant to A.R.S. § 12-820.01, *et seq.* and absolute privilege and qualified immunity.

24.     As a further affirmative defense, Defendants allege Plaintiffs' Complaint fails to state a constitutional violation.

25.     As a further affirmative defense, Defendants allege Plaintiffs' damages were solely the cause of decedent's use of illegal and illicit drugs, which were the sole cause of his death.

26.     As a further affirmative defense, Defendants allege that Plaintiffs have failed to state the requisite causation requirements under A.R.S. § 12-611, *et seq.*

1      WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants

2   request Plaintiffs take nothing thereby and that Defendants be awarded their attorneys'

3   fees  pursuant to A.R.S. §§ 12-341.01, 12-349, and 42 U.S.C. § 1988.

4      DATED this 2nd day of November, 2006.

5              JONES, SKELTON & HOCHULI, P.L.C.

6

7           By /s/ Jennifer L. Holsman

8            Kathleen L. Wieneke
         Jennifer L. Holsman

9            2901 North Central Avenue, Suite 800
         Phoenix, Arizona  85012

10           Attorneys for Defendants City of Phoenix,
         Fulton, Blair, Wicevich and Warren

11

12  ***ORIGINAL*** of the foregoing
*electronically filed* this 2nd day of
November, 2006.

13

14  and ***COPY*** mailed even date, to:

15  Keith M. Knowlton
**KEITH M. KNOWLTON, L.L.C.**
1630 South Stapley, Suite 231

16  Mesa, Arizona 85282-7072
*Attorneys for Plaintiffs*

17

18  /s/ Peggy Sue Trakes

19

20

21

22

23

24

25

26

1704024.1                                    5